1
2
3
4
5
6
7
8              **UNITED STATES DISTRICT COURT**

9              **EASTERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11  ARCHIE CRANFORD, | )   Case No.: 1:13-cv-01308-JLT |
| 12              Petitioner, | )   FINDINGS AND RECOMMENDATIONS RE: |
| 13      v. | )   RESPONDENT'S MOTION TO DISMISS |
| 14  SAMANTHA PERRYMAN, et al., | )   ORDER DIRECTING OBJECTIONS TO BE FILED |
| 15              Respondents. | )   WITHIN TWENTY-ONE DAYS |
| 16 | )   ORDERING DIRECTING CLERK OF THE |
| | )   COURT TO ASSIGN DISTRICT JUDGE TO CASE |

17

18          Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas

19   corpus pursuant to 28 U.S.C. § 2254.

20          The instant petition was filed on August 21, 2013. (Doc. 1).  The petition alleges that, while

21   Petitioner was housed in the Coalinga State Hospital, Coalinga, California, Petitioner was placed in a

22   housing unit wherein he was assaulted by another inmate.  Petitioner contends that Respondents

23   Perryman and Havder placed Petitioner in that housing unit despite being aware that the presence of

24   Petitioner's assailant made an assault on Petitioner more likely.  However, nowhere in the petition

25   does Petitioner challenge either his conviction or sentence.

26                                              **DISCUSSION**

27          Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of

28   each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from

1

1   the face of the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing

2   2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).  A federal court may only

3   grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of

4   the Constitution . . . ."  28 U.S.C. § 2254(a).  A habeas corpus petition is the correct method for a

5   prisoner to challenge the "legality or duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574

6   (9th Cir. 1991), quoting, Preiser v. Rodriguez, 411 U.S. 475, 485, 93 S. Ct. 1827 (1973); Ramirez v.

7   Galaza, 334 F.3d 850, 859 (9th Cir. 2003)("[H]abeas jurisdiction is absent, and a § 1983 action proper,

8   where a successful challenge to a prison condition will not necessarily shorten the prisoner's

9   sentence"); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

10          The Ninth Circuit has also held that "[h]abeas corpus jurisdiction also exists when a petitioner

11   seeks expungement of a disciplinary finding from his record if expungement is likely to accelerate the

12   prisoner's eligibility for parole."  Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989); see also

13   Docken v. Chase, 393 F. 3d 1024, 1031 (9th Cir. 2004)("[W]e understand Bostic's use of the term

14   'likely' to identify claims with a sufficient nexus to the length of imprisonment so as to implicate, but

15   not fall squarely within, the 'core' challenges identified by the Preiser Court.")

16          In contrast to a habeas corpus challenge to the length or duration of confinement, a civil rights

17   action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of

18   confinement.  McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991);  Preiser, 411 U.S. at 499; Badea,

19   931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

20          In this case, as mentioned, Petitioner alleges that staff employees of the Coalinga State

21   Hospital placed Petitioner in a housing unit where he was assaulted by an employee he had sued

22   previously.  Petitioner claims that Respondents failed to take adequate measures to protect Petitioner

23   or to heed the known risks to Petitioner's safety when placing him in the housing unit with his

24   assailant.  Based on these allegations, Petitioner is challenging the conditions of his confinement, not

25   the fact or duration of that confinement.  Petitioner does not specify what relief he is seeking;

26   however, the only relief this Court can provide within its habeas jurisdiction relates to the fact or

27   duration of Petitioner's sentence, neither of which Petitioner is challenging in his petition.  Therefore,

28   Petitioner is not entitled to habeas corpus relief, and this petition must be dismissed.  The Court is

aware that Petitioner is *currently* pursuing a lawsuit on these **exact same facts** and the **exact same defendants** in <u>Cranford v. Perryman</u>, Case No. 1:13-cv-00906 JLT.

## ORDER

Accordingly, the Clerk of the Court is HEREBY DIRECTED to assign a United States District Judge to this case.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the habeas corpus petition be DISMISSED for Petitioner's failure to state any cognizable federal habeas claims.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within 21 days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within 10 <u>court</u> days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

Dated:   __**September 16, 2013**__          _____**/s/ Jennifer L. Thurston**
                                             UNITED STATES MAGISTRATE JUDGE

3